C/M

NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 15 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                     :
JEFFREY JOHNSON,                                     :
                              Plaintiff,             :
                                                     :
              - against -                            :
                                                     :
NEW YORK POLICE DEPARTMENT, et al.,                  :
                                                     :
                              Defendants.            :
                                                     :
-------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 5423  (BMC)(SMG)

**COGAN**, District Judge.

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York

Police Department ("NYPD"), Police Commissioner, Mayor of New York City, Kings County,

City of New York, District Attorney for the "Eastern" District, and ten unidentified police

officers, asserting claims for unlawful search and seizure, false arrest, and excessive force. The

Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely

for the purpose of this Order. For the reasons discussed below, all of plaintiff's claims, except

those brought against the ten unidentified police officer defendants, must be dismissed for failure

to state a claim. As for the claims against the police officers, plaintiff is directed to show cause

why his complaint should not be dismissed as time-barred, within 21 days from the date of entry

of this Order as set forth below.

## BACKGROUND

Plaintiff appears to allege that in the summer of 2008, several police officers tried to

"raid" his house while holding him and his family members at gun point. Plaintiff claims that

this amounted to an illegal search of his home and that the search was racially-motivated. He

further alleges, among other things, that the officers threatened and endangered the lives and safety of the children and adults in his home, damaged the personal property of the home, and physically assaulted his family members. Plaintiff alleges that the defendants violated the First, Fourth, Eighth and Fourteenth Amendments for purported injuries he and his family sustained in 2008.[1]

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted). Nonetheless, courts must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing 28 U.S.C. § 1915A(b)).

---

[1] On August 22, 2012, plaintiff filed a similar action on behalf of himself and his family members, see Johnson v. Police Commissioner, et al., No. 12-CV-4301 (BMC). The Court dismissed the case because plaintiff failed to file a signed Prisoner Authorization form in support of his request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, even after the Court notified plaintiff of the deficiency and gave him 14 days to return the form. Thereafter, plaintiff filed an amended complaint and a request to re-open the case and also filed a notice of appeal. Plaintiff's notice of appeal is currently pending before the United States Court of Appeals for the Second Circuit.

## DISCUSSION

A.     **Claims on behalf of family members**

It is unclear whether plaintiff brings this action on behalf of solely himself or himself and his family members; the caption indicates that Jeffrey Johnson is the plaintiff, however the complaint mentions that the "Johnson family [] is the recognized plaintiffs in the matter." To the extent that plaintiff is bringing this case on behalf of both himself and his family members, the Court dismisses, without prejudice, the claims brought on behalf of plaintiff's family members. The law governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law . . . and that by a person representing himself." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)) (internal quotation marks omitted). The statute does not permit "unlicensed laymen to represent anyone else other than themselves." Id.

B.     **Claims against government official defendants**

It is well-settled that as a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege that the defendants were directly or personally involved in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233 (2d Cir. 2010) (citations omitted). Here, plaintiff fails to make any allegations against defendants Police Commissioner, New York City Mayor, and the District Attorney for the "Eastern District," that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Plaintiffs' claims against these defendants, as presently stated, can therefore be supported only on the basis of *respondeat superior* or vicarious liability. Vicarious liability, however, is inapplicable to § 1983 suits; plaintiffs must show that a supervisory "official's own

3

individual actions" subject him to liability. See Iqbal, 556 U.S. at 676 (rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution").

Therefore, since plaintiff has failed to state a claim against defendants Police Commissioner, New York City Mayor, and the District Attorney for the "Eastern District," the claims against those defendants are dismissed.

**C.** **Claims against the City of New York, Kings County, and the Police Department**

In order to sustain a claim for relief under § 1983 against a municipal defendant, such as the City of New York or Kings County, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs of City of New York, 436 U.S. 658, 98 S. Ct. 2018 (1978); see also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985).

Plaintiff claims that both the City of New York and Kings County "knew of, should have known and/or failed to protect the right of the residents." He also claims that New York City and Kings County failed to maintain the workers in their departments and agencies from "misconduct." Even interpreting these allegations to raise the "strongest arguments that they suggest," the Court finds that plaintiff has not stated a Monell claim against the City of New

4

York or Kings County. The complaint does not include any facts demonstrating the existence of a policy or custom, nor can the Court make sense of what the purported "policy" is. While it is recognized that a plaintiff need not prove his claims through his pleadings, since much of the proof is developed in the discovery process, a § 1983 complaint will not stand on the basis of vague and conclusory assertions. McDermott v. City of New York, No. 94 CV 2145, 1995 WL 347041 (E.D.N.Y. May 30, 1995). Plaintiff's claims against the City of New York and Kings County are therefore dismissed.

Moreover, plaintiff cannot proceed against the NYPD. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156 (2d Cir. 2008). Therefore, any claims against the NYPD are dismissed.

### D.    Claims against unidentified police officers

The Court finds that plaintiff has stated a claim against the ten unidentified police officer defendants for unlawful search and seizure, false imprisonment, and excessive force. Plaintiff alleges that the officers held him and others outside of his house at gunpoint while other officers illegally searched his home and that he and his family members felt terrorized and in fear of their lives.

Nonetheless, plaintiff's claims arise from alleged misconduct that occurred in the summer of 2008 and therefore appear to be time-barred. The statute of limitations for a § 1983 action arising in New York is three years. Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009).

5

A claim under § 1983 ordinarily accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, plaintiff was aware of his alleged injuries sometime in 2008. Yet, he did not commence this action until October 25, 2012, after the three-year statute of limitations had elapsed sometime in 2011.

Therefore, plaintiff's claims are time-barred unless equitable tolling applies. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (finding that equitable tolling applied only in "rare and exceptional circumstances," where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period he sought to toll") (internal quotation marks omitted). Nothing in plaintiff's complaint suggests a basis for equitable tolling of the three-year limitations period. In order to proceed as to any claims against the ten police officers, the Court directs plaintiff to show cause why this action should not be dismissed as time-barred.

## CONCLUSION

The action is dismissed as to defendants NYPD, Police Commissioner, Mayor of New York City, Kings County, City of New York, and District Attorney for the "Eastern" District.

With respect to his claims against the unidentified police officers, plaintiff is directed to show cause by December 5, 2012 why the action should not be dismissed as time-barred by the three-year statute of limitations period. If plaintiff fails to file a written affirmation in response to this order within the time allowed or fails to provide a valid basis for equitable tolling of the limitations period, the Court shall dismiss the action.

6

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       November 14, 2012

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                    :

JEFFREY JOHNSON and JOHNSON      :
FAMILY,                              :     **PLAINTIFF'S AFFIRMATION**
                   Plaintiffs,    :
                                      :     12 Civ. 5423  (BMC)(SMG)

          - against -         :
                                      :

POLICE COMMISSIONER (NYC), et al.,   :
                                      :
                   Defendants.  :
-------------------------------------------------------------- X

       JEFFREY JOHNSON, appearing *pro se*, makes the following affirmation under the

penalties of perjury: I am the plaintiff in this action and I respectfully submit this affirmation in

response to the Court's Order dated November 14, 2012. The events giving rise to this action

occurred on _____(insert date). The instant action should not be time-barred by the

three-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        [YOU MAY ATTACH

ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the complaint should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code

9