UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JEFFREY JOHNSON,
                            Plaintiff,

        - against -

NEW YORK POLICE DEPARTMENT, et al.,

                            Defendants.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 5423 (BMC)

**COGAN**, District Judge.

      Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York Police Department ("NYPD"), Police Commissioner, Mayor of New York City, Kings County, City of New York, District Attorney for the "Eastern" District, and ten unidentified police officers, asserting claims for unlawful search and seizure, false arrest and excessive force.

      By Order dated November 14, 2012, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed all of plaintiff's claims for failure to state a claim, except for those brought against the ten unidentified police officer defendants. As to the claims against the ten police officers, the Court directed plaintiff to show cause why the complaint should not be dismissed as time-barred.

      On December 3, 2012, plaintiff filed an Affirmation arguing that (1) he is entitled to a four-year statute of limitations period based on his interpretation of 28 U.S.C. §1658(a); and (2) he is entitled to tolling because he attempted to file an action while at Bare Hill Correctional Facility regarding the events at issue but "was told in a letter that I filed with the wrong department"; he incurred injuries after reporting corruption and illegal police programs, which led to delays; and because he made "three suicide attempts" due to ongoing abuse.

Plaintiff has failed to show adequate cause why the complaint should not be dismissed as time-barred. Contrary to plaintiff's assertion, the statute of limitations for a § 1983 action arising in New York is three years not four. See Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009). A claim under § 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, plaintiff was aware of his alleged injuries sometime in "the summer of 2008." Yet, he did not commence this action until October 25, 2012, after the three-year statute of limitations period had elapsed sometime in 2011. Plaintiff's reliance on 28 U.S.C. § 1658(a) is misplaced as it applies only to civil actions arising under an Act of Congress enacted after December 1, 1990. See 28 U.S.C. § 1658(a); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S. Ct. 1836 (2004) (applying § 1658 to § 1981 claims because the "causes of action were made possible" by the 1991 Amendments to § 1981). Plaintiff's § 1983 claims do not arise under nor were they made possible by an Act of Congress enacted after December 1, 1990.

Plaintiff next appears to argue that he is entitled to equitable tolling of the limitations because he tried to file a claim with the Comptroller's Office (either State or City) but was refused. Plaintiff further alleges that he received a letter from the Comptroller's Office on May 11, 2009, but that on June 1, 2009, he was injured "after reporting corruption" and illegal police programs, which led to "ongoing delays." The law of this Circuit is clear that equitable tolling applies only in "rare and exceptional circumstances," where "extraordinary circumstances" prevented a party from timely performing a required act, and the party "acted with reasonable diligence throughout the period he [seeks] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks

omitted)). Although plaintiff alleges that he was "injured," he fails to demonstrate why the injury prevented him, for over three years, from commencing his § 1983 action. For instance, plaintiff does not allege whether his injuries prevented him from accessing the law library or from drafting his complaint during that time period. Because I do not find that plaintiff acted with reasonable diligence or that the alleged "ongoing delays" constitute extraordinary circumstances, equitable tolling is not warranted.

Finally, plaintiff alleges that he tried to commit suicide and required mental health treatment as a basis for tolling the statute of limitations period. Plaintiff appears to allege that he received mental health treatment for his suicide attempts on June 1, 2009 and September 29, 2009. Plaintiff's allegations, however, do not justify tolling the three-year limitations period. Tolling is available during any period in which plaintiff was "unable to . . . comprehend and protect his own legal rights and liabilities because of an overall inability to function in society." Yannon v. RCA Corp., 131 A.D.2d 843, 845, 517 N.Y.S.2d 205, 206 (2d Dep't 1987). "[T]he question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 2000). The burden lies with the party seeking tolling to provide that it is appropriate. Columbo v. United States Postal Service, 293 F.Supp.2d 219, 223 (E.D.N.Y. 2003) (citing cases). Because "mental illnesses are as varied as physical illnesses ... [a] conclusory and vague claim, without a particularized description . . . is manifestly insufficient to justify any further inquiry into tolling." Boos, 201 F.3d at 185. The Court finds that tolling is unwarranted because plaintiff provides no description of his mental illness, the duration of his mental illness, or how such illness affected his ability to comply with the three-year statute of limitations.

Accordingly, the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 13, 2012